1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  TYLER V. HEATH, State Bar No. 271478
   Supervising Deputy Attorney General
3  GARRETT L. SEUELL, State Bar No. 323175
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 210-6144
6    Fax: (916) 324-5205
     E-mail: Garrett.Seuell@doj.ca.gov
7  *Attorneys for Defendants J. Ware and*
   *J Avila*

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10                           SACRAMENTO DIVISION

11

12

| | |
|---|---|
| 13 **PAUL THOMAS,** | 2:22-cv-00177-EFB |
| 14 Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL** |
| 15 v. | **DISCOVERY RESPONSES; MEMORANDUM OF POINTS AND** |
| 16 **WARE, et al.,** | **AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL** |
| 17 Defendants. | **DISCOVERY RESPONSES; SUPPORTING G. SEUELL** |
| 18 | **DECLARATION** |
| 19 | Judge: The Honorable Edmund F. Brennan |
| 20 | Action Filed: January 27, 2022 |

21      **TO PLAINTIFF PAUL THOMAS, *PRO SE*:**

22      **PLEASE TAKE NOTICE** that under Federal Rules of Civil Procedure 34, 37, and the

23   Court's discovery and scheduling order (ECF No. 22), Defendants request an order to compel

24   Plaintiff to respond to Defendants' written discovery, specifically Defendants' request for

25   production of documents (Set No. One).

26      **PLEASE TAKE FURTHER NOTICE** that under Local Rule 230(*l*), this motion is

27   submitted on the record without oral argument unless otherwise directed by the Court.

28   / / /

                                                1

This motion is based on this notice of motion and motion; the supporting memorandum of points and authorities; Defendants' concurrently filed motion to modify the Court's discovery and scheduling order; the pleadings and papers on file in this action; and such other matters as may properly come before the Court.

**INTRODUCTION**

Plaintiff Paul Thomas is a state prisoner proceeding *pro se* and pursuant to 42 U.S.C. § 1983 in this civil rights action. This motion concerns Plaintiff's failure to respond to properly propounded discovery requests – all of which were directed at discovery information related to Plaintiff's claim that Defendants Ware and Avila violated the Eighth Amendment by using excessive force on Plaintiff.

Given Plaintiff's refusal to respond to written discovery, Defendants request an order compelling Plaintiff to respond to all of Defendants' requests for production of documents.[1]

**RELEVANT PROCEDURAL HISTORY**

Plaintiff filed this lawsuit against Defendants on January 27, 2022. (ECF No. 1.) The Court provided that the parties had until October 28, 2022, to conduct discovery and file any necessary motions to compel (the written discovery request deadline was August 26, 2022). (ECF No. 22 at p. 4.) On August 26, 2022, Defendants served Plaintiff with Defendants' Requests for Admission (Set No. One), Interrogatories (Set No. One), and Requests for Production of Documents (Set No. One). (Seuell Decl. at ¶ 2.) On September 1, 2022, Defendants received a letter from Plaintiff that stated that he had a new mailing address; he was transferred to a mental health crisis unit; his legal mail was lost upon his transfer; and his requested Defendants to resend their discovery requests. (*Id*.) On September 7, 2022, Defendants filed a motion to modify the discovery order by thirty (30) days to allow time for Plaintiff to receive his legal mail (ECF No. 23), and Defendants' resent their written discovery requests to Plaintiff. (*Id*.) On September 9, 2022, the Court granted Defendants' motion. (ECF No. 24.)

---

[1] Defendants' have concurrently requested a modification of the discovery and dispositive motion deadlines in the Court's discovery and scheduling order.

On October 19, 2022, Defendants received a letter from Plaintiff that stated, among other things, he was "unable to meet Defendants request . . . of discovery due to California Health Care Facility neglecting to provide [him] all of [his] legal documentation pertaining to this case." (Seuell Decl. at ¶ 3.) On November 8, 2022, Defendants received documents from Plaintiff labeled, "Plaintiff's response for Request for Production," "Plaintiff's response to Request for Admission, Set One and Objection," and "Plaintiff's response for Interrogatories." (*Id*.) After reviewing Plaintiff's responses in these documents, Defense counsel determined that Plaintiff did not provide sufficient responses to **any** of Defendants' requests for production of documents. (*Id*.) Plaintiff's responses simply repeated that he was "not currently in possession of requested documents" and "will mail Defendants request on a production continuation once received." (*Id*.) On November 28, 2022, Defendants filed a motion to modify the motion to compel discovery responses and dispositive motion deadlines by sixty (60) days based on Plaintiff's representation that he was not in possession of his legal material related to this case. (ECF No. 28) On November 30, 2022, the Court granted Defendants' motion. (ECF No. 29.)

On December 19, 2022, Defendants sent Plaintiff a letter that, among other things, stated that Plaintiff's responses to Defendants' request for production of documents were insufficient and Defendants requested that he send complete responses by January 9, 2023. (Seuell Decl. at ¶ 5.) Defendants' letter also stated that if Plaintiff did not send complete responses by that date, Defendants would file a motion to compel Plaintiff's discovery responses. (*Id*.) On January 9, 2023, Plaintiff filed a declaration that stated, "I have responded to Defendants request the prison must be throwing the mail away. However, all discovery you have requested is available to you through the CDCR S.O.M.S/Prison Records/C File. Ware, et al., Defendants are currently employed at the institution that provide their requested discovery." (ECF No. 30.)

## ARGUMENT

### I. PLAINTIFF FAILED TO SUFFICIENTLY RESPOND TO DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS.

Defendants are entitled to conduct discovery by serving requests seeking the production of documents. Fed. R. Civ. P. 34. Accordingly, on August 26, 2022, Defendants timely served

3

1  Plaintiff with requests for admissions, interrogatories, and requests seeking the production of

2  documents. (Seuell Decl. at ¶ 2.) The Federal Rules required Plaintiff to respond to Defendant's

3  discovery within thirty (30) days (plus three days for service by mail). Fed. R. Civ. P. 34(b)(2).

4  Plaintiff failed to properly respond to any of Defendants' requests for production of documents.

5  (*Id* at ¶ 3.) For example, Defendants' Request for Production No. 3 requested Plaintiff to provide

6  all documents that support his claim that Defendants caused him injuries. (*Id*.) Plaintiff

7  responded, "I am not currently in possession of requested document which show injuries caused

8  by Defendants. I have requested the documents which support my claim that Defendants caused

9  me injury. I will mail Defendants request on a production continuation once received." (*Id*.)

10 Plaintiff provided essentially the same response for Request for Production No. 4 (request for

11 documents that support his claim for damages); Request for Production No. 5 (request for witness

12 statements related to his allegations against Defendants); Request for Production No. 6 (request

13 for communications related to his allegations against Defendants); Request for Production No. 8

14 (request for documents produced in discovery in any related criminal matter); and Request for

15 Production No. 9 (request for documents received in discovery in any related criminal matter).

16 (*Id*.) Plaintiff's responses failed to comply with Federal Rule of Civil Procedure 34(b) because,

17 although he implies that documents responsive to Defendants' request do exist, he did not provide

18 the requested documents or an objection to the requests. Fed. R. Civ. 34(b). All of Defendants'

19 requests are for information that is relevant to Plaintiff's claims for damages in this case or

20 Defendants' potential defenses, and Plaintiff has not provided any objection that would excuse

21 him from providing responsive documents or stating that no such responsive documents exist.

22 *See* Fed. R. Civ. P. 26(c)(1). And, Plaintiff's conclusory statement that "the prison must be

23 throwing the mail away" and "all discovery [Defendants] have requested is available to [them]"

24 is not a proper objection and was not timely made. (ECF No. 30.)

25      Defendants are entitled to know which documents in Plaintiff's prison files Plaintiff

26 contends support his claim for damages and injuries. Moreover, it is not readily apparent that

27 statements Plaintiff obtained from witnesses or communications he had with people outside

28 prison would be in prison files available to Defendants. Defendants should not be required to

4

scour Plaintiff's prison records and guess as to which ones might be responsive to their requests. *See, e.g. Spence v. Kaur*, No. 2:16-CV-1828-TLN-KJN-P, 2019 WL 3842867, at *20 (E.D. Cal. Aug. 15, 2019) (citing *Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003) and holding that "defendant is entitled to discover what inmate appeals plaintiff contends exhausted his administrative remedies as to the instant retaliation claims" and plaintiff's reference to central file records in prison's possession was not sufficient).

When a party fails to produce documents, the party that served the discovery requests can move to compel responses. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). The failure to timely respond or object constitutes a waiver of any objection to the discovery. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Accordingly, Plaintiff waived his opportunity to object to Defendants' requests for production, and the Court should compel him to answer them without objection.

## CONCLUSION

Plaintiff has refused to fully participate in the discovery process in this case. He failed to properly respond to Defendants' requests for production of documents. The Court should compel Plaintiff to respond to Defendants' discovery requests without objection and grant Defendants' concurrently filed motion to modify the discovery and dispositive motion deadlines to allow Defendants time to receive Plaintiff's complete responses and, if necessary, file a dispositive motion.

Dated: January 27, 2023                    Respectfully submitted,

                                           ROB BONTA
                                           Attorney General of California
                                           TYLER V. HEATH
                                           Supervising Deputy Attorney General


                                           */s/ Garrett L. Seuell*
                                           _____
                                           GARRETT L. SEUELL
                                           Deputy Attorney General
                                           *Attorneys for Defendant Ware and Avila*

5

Defs.' Not. Mot. Compel; Memo. Ps & As Supp. of Mot. to Compel; Seuell Supp. Decl. (2:22-cv-00177-EFB)

# DECLARATION OF GARRETT L. SEUELL

I, Garrett L. Seuell, declare:

1.      I am a Deputy Attorney General licensed to practice before all courts of the State of California and before this Court.  I am employed by the Office of the Attorney General and counsel of record for Defendants Ware and Avila in this case. I am competent to testify to the matters set forth in this declaration and, if called to do so, I would and could so testify.

2.      On June 21, 2022, the Court issued a discovery and scheduling order that set the written discovery request deadline to August 26, 2022. (ECF No. 22.) On August 26, 2022, Defendants' timely served Defendants' Requests for Admission (Set No. One), Interrogatories (Set No. One), and Requests for Productions of Documents (Set No. One).  A true and correct copy of Defendants' requests for production of documents is attached as **Exhibit A**.  On September 1, 2022, I received a letter from Plaintiff that stated (1) his new mailing address is 7707 Austin Rd. Stockton, CA 95215; (2) he was transferred to a mental health crisis unit; (3) his "legal mail was lost upon [his] transfer"; and (4) he is requesting that counsel "send all legal inquiries to [your] new location and any most recent pertaining to Case No. 2:22-cv-00177-EFB." On September 7, 2022, I responded by resending the discovery requests and providing Plaintiff with a new thirty (30) day (plus three days for service by mail) deadline to respond, which made the discovery response deadline October 10, 2022.  On September 7, 2022, Defendants filed a motion to modify the discovery and scheduling order to re-set the deadline for Defendants to complete all discovery to November 28, 2022, thirty (30) days after the October 28, 2022 deadline, based on Plaintiff's representation he was not in possession of his legal material related to this case.  (ECF Nos. 22, 23.)  On September 9, 2022, the Court granted Defendants' motion. (ECF No. 24.)

3.      On October 19, 2022, I received a letter from Plaintiff that stated, among other things, he was "unable to meet Defendants' request . . . of discovery due to California Health Care Facility neglecting to provide [him] all of [his] legal documentation pertaining to this case."  On November 8, 2022, I received documents from Plaintiff labeled, "Plaintiff's response for Request for Production," "Plaintiff's response to Request for Admission, Set One and Objection," and

6

"Plaintiff's response for Interrogatories." A true and correct copy of the Plaintiff's discovery responses to Defendants' request for production of documents is attached as **Exhibit B**.

4. On November 28, 2022, Defendants filed a motion to modify the motion to compel discovery responses and dispositive motion deadlines by sixty (60) days based on Plaintiff's representation he was not in possession of his legal material related to this case. (ECF No. 28.) On November 30, 2022, the Court granted Defendants' motion. (ECF No. 29.)

5. On December 19, 2022, Defendants sent Plaintiff a letter that, among other things, stated Plaintiff's responses to Defendants' request for production of documents were insufficient and requested that he send complete responses by January 9, 2023. A true and correct copy of Defendants' letter sent to Plaintiff on December 19, 2022 is attached as **Exhibit C**. Defendants' letter also stated that if Plaintiff did not send complete responses, Defendants would file a motion to compel Plaintiff's discovery responses, and that Plaintiff's discovery requests received by Defendants on November 27, 2022 were untimely because the deadline for written discovery requests was August 26, 2022, and the Court did not extend his deadline. On January 9, 2023, Plaintiff filed a declaration that stated, "I have responded to Defendants request the prison must be throwing the mail away. However, all discovery you have requested is available to you through the CDCR S.O.M.S/Prison Records/C File. Ware, et al., Defendants are currently employed at the institution that provide their requested discovery." (ECF No. 30.)

6. Plaintiff and I have exchanged multiple written correspondence in an attempt to meet and confer on the discovery disputes, but the parties have not been able to resolve the issue.

7. This request is not made for any improper purpose or to delay the case.

I declare under penalty of perjury that the foregoing is true. This declaration was executed in Sacramento, California on January 27, 2023.

*/s/ Garrett L. Seuell*
Garrett L. Seuell
Deputy Attorney General

# EXHIBIT A

Rob Bonta, State Bar No. 202668
Attorney General of California
Tyler V. Heath, State Bar No. 271478
Supervising Deputy Attorney General
Garrett L. Seuell, State Bar No. 323175
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6144
  Fax: (916) 324-5205
  E-mail: Garrett.Seuell@doj.ca.gov
*Attorneys for Defendants J. Ware and J Avila*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **PAUL THOMAS,**<br><br>                       Plaintiff,<br><br>     v.<br><br>**WARE, et al.,**<br><br>                    Defendants. | 2:22-cv-00177-TLN-EFB (PC)<br><br>**DEFENDANT'S REQUESTS FOR PRODUCTION TO PLAINTIFF THOMAS, SET ONE**<br><br>Judge:       The Honorable Edmund F. Brennan<br>Trial Date:   Not set.<br>Action Filed: January 27, 2022 |

**PROPOUNDING PARTY:**    **DEFENDANTS WARE**[1]

**RESPONDING PARTY:**      **PLAINTIFF PAUL THOMAS**

**SET NO.:**                   **ONE**

    Under Federal Rule of Civil Procedure 34 and the Court's Discovery and Scheduling Order (ECF No. 22), you are required to respond to each of the following requests for production of documents separately and fully by mailing written responses and documents to Garrett L. Seuell, attorney for Defendants, within thirty (30) days (plus three days for service by mail) from the date

---

[1] In an attempt to determine if Plaintiff is represented by counsel in any related criminal matter, Defendants' counsel contacted the Sacramento County Superior Court Criminal Records Department on August 25, 2022, and was told no defense counsel was listed in any of Plaintiff's pending criminal cases.

1  of mailing indicated on the accompanying proof of service, as required by Federal Rule of Civil

2  Procedure 34.  In addition, you are required to produce all documents within your possession or

3  control, or in the possession, custody, or control of the persons associated with you.  These

4  documents shall be mailed to the Office of the Attorney General, 1300 I Street, P.O. Box 944255,

5  Sacramento, CA 94244-2550.

6      As used in this Request for Production of Documents, the term DOCUMENT or

7  DOCUMENTS shall include, but not be limited to, any kind of written, graphic, or recorded

8  matter (including originals, copies, and drafts and both sides thereof), such as paper, books,

9  letters, medical records, photographs, posters, objects, correspondence, facsimiles, memoranda,

10  notes, transcripts, reports, witness statements, opinions, evaluations, press releases, magazine or

11  newspaper articles, manuals, contracts, agreements, statistical records, journals, desk calendars,

12  appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts,

13  electronic mail, computer disks, audio and video tapes or any other media, all records kept by

14  electronic, photographic, or mechanical means, and things similar to any of the foregoing,

15  however denominated, dated, produced, generated, or received.

16      As used in this Request for Production of Documents, the term COMMUNICATIONS

17  refers to any exchange of information between or among two or more persons including, but not

18  limited to, written contact by letter, memorandum, email, text, voicemail, Instagram, Facebook,

19  or other social media, facsimile, or otherwise.

20      If you consider any document to be excluded from production on grounds of attorney-client

21  privilege, attorney work-product doctrine, or any other privilege, immunity, or doctrine, you are

22  required to include in the written response a list of all documents so identified by providing the

23  date of each such document; its general character and general subject matter; names, titles, and

24  addresses of the author and recipient; name, title, and address of each other person who received a

25  copy of the document; and the grounds upon which you believe the document to be exempt from

26  production.

27      If you object to any of the following requests for production of documents, or any portion

28  thereof, you must state with specificity the reasons for your objections.  If objection is made to

2

only a part or portion of any request for production, the part or portion shall be specified, and the remainder shall be produced for inspection and copying.

If you have at any time relinquished possession, custody or control of, or destroyed any document falling within the scope of this demand, you are requested to identify each such document, and, where any such document still exists, also identify the person or persons, if any, by name, address, and telephone number, who currently has or might have custody, possession, or control thereof.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Produce all DOCUMENTS related to the exhaustion of administrative remedies for your claims against Defendants in your Complaint (ECF No. 1).

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**



**REQUEST FOR PRODUCTION NO. 2:**

Produce all DOCUMENTS related to your interaction with custody staff on July 18, 2021, at approximately 1700 hours, as alleged in YOUR Complaint (ECF No. 1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**



**REQUEST FOR PRODUCTION NO. 3:**

Produce all DOCUMENTS which support your claim that Defendants caused you injuries.

/ / /

/ / /

/ / /

3

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

**REQUEST FOR PRODUCTION NO. 4:**

Produce all DOCUMENTS which support your claim for damages in the Complaint (ECF No. 1).

**RESPONSE FOR REQUEST FOR PRODUCTION NO. 4:**

**REQUEST FOR PRODUCTION NO. 5:**

Produce all witness statements that you have related to your allegations against Defendants in the Complaint (ECF No. 1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

**REQUEST FOR PRODUCTION NO. 6:**

Produce all COMMUNICATIONS regarding your allegations against Defendants in the Complaint (ECF No. 1). This request excludes any communications you have had with your attorney in any related criminal matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

4

**REQUEST FOR PRODUCTION NO. 7:**

Produce all DOCUMENTS describing your allegations against Defendants in the Complaint (ECF No. 1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

**REQUEST FOR PRODUCTION NO. 8:**

Produce all DOCUMENTS you have produced in any related criminal matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

**REQUEST FOR PRODUCTION NO. 9:**

Produce all DOCUMENTS you have received in discovery in any related criminal matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Dated: August 26, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
TYLER V. HEATH
Supervising Deputy Attorney General

*/s/ Garrett L. Seuell*
GARRETT L. SEUELL
Deputy Attorney General
*Attorneys for Defendant Ware and Avila*

5

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Paul Thomas v. Ware, et al.**
No.: **2:22-cv-00177-TLN-EFB (PC)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On **August 26, 2022**, I served the attached **DEFENDANT'S REQUESTS FOR PRODUCTION TO PLAINTIFF THOMAS, SET ONE** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Paul Anthony Thomas, AZ-2563
California State Prison, Los Angeles County
P.O. Box 4610
Lancaster, CA 93539-4610

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **August 26, 2022**, at Sacramento, California.

| D. Jones | | |
| --- | --- | --- |
| Declarant | | Signature |

SA2022301369
36498316.docx

# EXHIBIT B

PLAINTIFFS RESPONSE FOR
REQUEST FOR PRODUCTION

PAUL THOMAS    PLAINTIFF

V.

WARE, et al.,    DEFENDANTS.

2:22-cv-00177-TLN-

DEFENDANTS REQUEST FOR
PRODUCTION

3 PLAINTIFFS RESPONSE FOR REQUEST FOR PRODUCTION

4 REQUEST FOR PRODUCTION NO. 1:    SET ONE

5 PRODUCE ALL DOCUMENTS RELATED TO THE EXHAUSTION O

6 ADMINISTRATIVE REMEDIES FOR YOUR CLAIMS AGAIN

7 DEFENDANTS IN YOUR COMPLAINT (ECF NO. 1)

8    RESPONSE TO REQUEST FOR PRODUCTION NO 1:

9 I AM NOT CURRENTLY IN POSSESION OF ANY OF THE DOCUMENTS RELATE

10 TO THE EXHAUSTION OF MY ADMINISTRATIVE REMEDIES FOR

11 MY CLAIMS AGAINST DEFENDANTS AT THIS TIME. I HAVE

12 REQUESTED FOR THE SAID DOCUMENTS AND AM CURRENTLY

13 AWAITING TO RECIEVE All DOCUMENTS RELATED TO DEFENDAN

14 REQUEST. I WILL MAIL DOCUMENTS TO DEFENDANTS ON A

15 PRODUCTION CONTINUATION, ONCE RECIEVED. YOU CAN ALSO

16 CONTACT (CDCR) CALIFORNIA DEPARTMENT OF CORRECTIONS

17 REHABILITATION AND REQUEST DOCUMENTS PERTAINING TO

18 THE EXHAUSTION OF REMEDIES AT THE ADMINISTRATIVE LEVEL

19 REQUEST FOR PRODUCTION NO. 2:

20 PRODUCE ALL DOCUMENTS RELATED TO YOUR INTERACTION WITH

21 CUSTODY STAFF ON JULY 18, 2021, AT APPROXIMATELY 1700

22 HOURS, AS ALLEGED IN YOUR COMPLAINT

23    RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

24 I AM NOT CURRENTLY IN POSSESION OF ALL DOCUMENTS

25 RELATED TO MY INTERACTION WITH CUSTODY STAFF ON JULY

26 18, 2021 I HAVE REQUESTED FOR THE DOCUMENTS

27 PERTAINING TO MY INTERACTIONS WITH CUSTODY STAFF ON

28 JULY 18, 2021. I WILL MAIL DEFENDANTS DOCUMENTS

ON PRODUCTION CONTINUATION ONCE RECIEVED. DEFENDAN

CAN ALSO CONTACT (CDCR) CALIFORNIA DEPARTMENT OF

CORRECTIONS & REHABILITATION

PG #1 x PAUL A. Thomas    SIGN x Paul

X DATE 09/19/2022

# PLAINTIFFS RESPONSE FOR REQUEST FOR

## PRODUCTION

1. REQUEST FOR PRODUCTION No. 3:
2. PRODUCE ALL DOCUMENTS WHICH SUPPORT YOUR CLAIM THAT
3. DEFENDANTS CAUSED YOU INJURIES.
4. RESPONSE TO REQUEST FOR PRODUCTION No. 3
5. I AM NOT CURRENTLY IN POSSESION OF REQUESTED DOCUMEN
6. WHICH SHOW INJURIES CAUSED BY DEFENDANTS I HAVE
7. REQUESTED THE DOCUMENTS WHICH SUPPORT MY CLAIM
8. THAT DEFENDANTS CAUSED ME INJURY. I WILL MAIL
9. DEFENDANTS REQUEST ON A PRODUCTION CONTINUATION ONCE
10. RECIEVED. DEFENDANTS CAN ALSO REQUEST DOCUMENTS
11. PERTAINING TO MY CLAIM THAT DEFENDANTS CAUSED ME
12. INJURIES. FROM (CDCR) CALIFORNIA DEPARTMENT OF
13. CORRECTIONS & REHABILITATION
14. REQUEST FOR PRODUCTION No. 4
15. PRODUCE ALL DOCUMENTS WHICH SUPPORT YOUR CLAIM.
16. FOR DAMAGES IN THE COMPLAINT.
17. RESPONSE FOR PRODUCTION No. 4:
18. I AM NOT CURRENTLY IN POSSESION OF DEFENDANTS
19. REQUEST FOR PRODUCTION No. 4 I HAVE REQUESTED
20. ALL DOCUMENTS WHICH SUPPORT MY CLAIM FOR DAMAGES
21. AND WILL MAIL IT TO DEFENDANT VIA MAIL ONCE RECIEVED
22. DEFENDANT MAY ALSO REQUEST FOR DOCUMENTS PERTAINING
23. TO DAMAGES WHICH SUPPORT MY CLAIM VIA (CDCR)
24. CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATIO
25. REQUEST FOR PRODUCTION No. 5
26. PRODUCE ALL WITNESS STATEMENTS THAT YOU HAVE RELATED
27. TO YOUR ALLEGATIONS AGAINST DEFENDANTS IN THE COMPLAINT
28.

×DATE 09/19/22

PG#2

× PAUL A. THOMAS ×

# PLAINTIFFS RESPONSE FOR REQUEST FOR PRODUCTION

1  RESPONSE FOR PRODUCTION NO. 5:
2  I DO NOT CURRENTLY HAVE ALL DOCUMENTS PERTAINING TO MY
3  WITNESSES STATEMENT RELATED TO MY CLAIM AGAINST
4  DEFENDANTS I HAVE REQUESTED FOR SAID DOCUMENTS AND AM
5  CURRENTLY AWAITING TO RECIEVE THOSE DOCUMENTS. I WILL
6  MAIL DOCUMENTS TO DEFENDANTS ONCE RECIEVED. DEFENDANT
7  CAN ALSO CONTACT (CDCR) CALIFORNIA DEPARTMENT OF
8  CORRECTIONS AND REQUEST THE REQUESTED DOCUMENTS
9    REQUEST FOR PRODUCTION NO. 6:
10  PRODUCE All COMMUNICATIONS REGAURDING YOUR ALLEGATIONS
11  AGAINST DEFENDANTS IN THE COMPLAINT. THIS REQUEST
12  EXCLUDES ANY COMMUNICATIONS YOU HAVE HAD WITH YOUR
13  ATTORNEY IN ANY RELATED CRIMINAL MATTER.
14  RESPONSE FOR PRODUCTION NO. 6:
15  I DO NOT CURRENTLY HAVE ALL COMMUNICATIONS REGAURDING
16  MY ALLEGATIONS I HAVE REQUESTED All COMMUNICATIONS FROM
17  (CDCR) CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILI-
18  TATION. ONCE RECIEVED I WILL MAIL TO DEFENDANTS. DEFENDANT
19  MAY ALSO REQUEST All COMMUNICATIONS REGAURDING MY CLAIM
20  FROM (CDCR) CALIFORNIA DEPARTMENT OF CORRECTIONS
21    REQUEST FOR PRODUCTION NO. 7
22  PRODUCE All DOCUMENTS DESCRIBENG YOUR ALLEGATIONS AGAINS
23  DEFENDANTS IN THE COMPLAINT
24    RESPONSE TO REQUEST FOR PRODUCTION NO. 7
25  I DO NOT CURRENTLY HAVE DEFENDANTS REQUEST FOR
26  DOCUMENTS DESCRIBENG MY ALLEGATIONS AGAINST DEFENDANTS
27  I HAVE REQUESTED FOR SAID DOCUMENTS FROM (CDCR)
28  CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION
    DEFENDANTS CAN ALSO REQUEST FOR THE REQUESTED DOCUMENTS
    FROM THE (CDCR) CALIFORNIA DEPARTMENT OF CORRECTIONS
    & REHABILITATION

PG#3

SEEN X Paul Thomas

X PAUL A. THOMAS DATE X 09/19/2022

# PLAINTIFFS RESPONSE FOR REQUEST FOR PRODUCTION

1
2   REQUEST FOR PRODUCTION No. 8
3   PRODUCE All DOCUMENTS YOU HAVE PRODUCED IN AN(Y)
4   RELATED CRIMINAL MATTERS
5   RESPONSE FOR PRODUCTION NO. 8:
6   I DO NOT CURRENTLY HAVE ALL DOCUMENTS I'VE PRODUC(ED)
7   IN RELATED CRIMINAL MATTERS I'VE REQUESTED SAID
8   DOCUMENTATION FROM (CDCR) CALIFORNIA DEPARTMENT O(F)
9   CORRECTIONS & REHABILITATION ASWELL AS MICHAEL W. BI(EN)
10  ROSEN BIEN GALVAN & GRUNFELD LLP ATTORNEYS
11  DEFENDANTS CAN ALSO REQUEST DOCUMENTS PERTAINING TO
12  REQUEST ON PRODUCTION NO. 8 FROM (CDCR) CALIFORN(IA)
13  DEPARTMENT OF CORRECTIONS & REHABILITATION AND MICHAEL
14  W. BIEN ROSE BIEN GALVAN & GRUNFELD LLP ATTORNEYS
15  REQUEST FOR PRODUCTION No. 9
16  I DO NOT CURRENTLY HAVE DEFENDANTS REQUEST
17  FOR PRODUCTION No. 9 I HAVE REQUESTED FOR SAID
18  DOCUMENTS AND AM CURRENTLY AWAITING. ONCE RECIEVED
19  I WILL MAIL IT TO DEFENDANTS VIA PRODUCTION
20  CONTINUATION DEFENDANTS CAN ALSO REQUEST THE
21  REQUESTED DOCUMENTS FROM (CDCR) CALIFORNIA
22  DEPARTMENT OF CORRECTIONS & REHABILITATION
23
24
25
26
27
28

PG # 4

SIGN x _Paul Thomas_

x PAUL A. THOMAS   DATE 09/19/2022

PAUL A. THOMAS #AZ-12363

CALIFORNIA HEALTH CARE

FACILITY

7707 AUSTIN RD

STOCKTON, CA 95215

FOREVER

neopost
11/01/2023
US POST

ZIP
0441 12203723

CHCF
CA DEPARTMENT
OF CORRECTIONS
AND REHABILITATION

DEPUTY ATTORNEY GENERAL

1300 I STREET, SUITE 125

P.O. BOX 944255

SACRAMENTO, CA 94244-2550

942442550 BR01

CONFIDENTIAL
LEGAL
MAIL

22/03/16

Giraffe

*signature*

# EXHIBIT C



***ROB BONTA*** *State of California*
***Attorney General*** **DEPARTMENT OF JUSTICE**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 210-6144
Facsimile: (916) 324-5205
E-Mail: Garrett.Seuell@doj.ca.gov

December 19, 2022

Paul Anthony Thomas, AZ2563
California State Prison, Sacramento
P.O. Box 290001
Represa, CA 95671

RE:  *Paul Thomas v. Ware, et al.*
     <u>USDC-Eastern District of California, Case No. 2:22-CV-00177-TLN-EFB (PC)</u>

Dear Mr. Thomas:

This letter is to inform you that your Set No. One discovery requests (requests for admissions, interrogatories, and request for production of documents) with proof of service date of November 27, 2022, are untimely. Per the Court's Discovery and Scheduling Order (ECF No. 22), the deadline to serve written discovery requests was August 26, 2022. The Court did not extend your deadline. Defendants did respond to the untimely requests for admissions on December 8, 2022, as a courtesy to you. However, based on the untimeliness of your discovery requests, Defendants will not be responding to the interrogatories and request for production of documents, which Defendants did not receive until December 15, 2022.

Regarding Defendants' discovery requests, on August 26, 2022, Defendants served you with Set No. One requests for admissions, interrogatories, and request for production of documents. On September 1, 2022, I received a letter from you stating that, among other things, that you were transferred to a mental health crisis unit, and you could not respond to Defendants' discovery requests because your legal mail was lost during your transfer. On September 7, 2022, Defendants' file a motion to modify the Discovery and Scheduling Orde (ECF No. 22) to allow Defendants to resend you their original discovery requests to you, given your representation that you did not have your legal material related to this case. The Court granted Defendants' request to allow them to reserve their discovery requests on you. Defendants reserved their discovery requests, and your responses were due October 10, 2022 (thirty (30) days after service, plus three (3) days for service by mail).

On October 14, 2022, I sent you a letter informing you that (1) I had not received your discovery responses, (2) you had waived all objections to those requests, and (3) I planned to file a motion to compel if I did not receive your responses by November 4, 2022. On October 17, 2022, I received a letter from you stating, among other things, you were still "unable to meet Defendants request [for] discovery" due to not having all your legal material, and you "put in a request for new copies of the documents requested." On November 8, 2022, I received discovery

responses to Defendants' requests for admissions, partial responses to Defendants' interrogatories (nonresponsive to Interrogatories 1, 8, and 9), and no responses at all to Defendants' request for production of documents.

Please send your complete responses to Defendants' Set No. One interrogatories and request for production of documents by January 9, 2023, an additional twenty-one (21) days. If you fail to respond by that date, I plan to file a motion to compel discovery responses and request for sanctions.

Thank you in advance for your attention to this matter.

Sincerely,

***/s/ Garrett L. Seuell***

GARRETT L. SEUELL
Deputy Attorney General

For    ROB BONTA
Attorney General

# CERTIFICATE OF SERVICE

Case Name:  **Paul Thomas (AZ2563) v. Ware, et al.**   No.   **2:22-cv-00177-TLN-EFB (PC)**

I hereby certify that on **January 27, 2023**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

➢ **DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES;**

➢ **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES;**

➢ **SUPPORTING G. SEUELL DECLARATION (Exhibits A – C)**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On **January 27, 2023**, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Paul Anthony Thomas (AZ-2563)**
**California State Prison - Sacramento**
**P.O. Box 290001**
**Represa, CA  95671**

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **January 27, 2023,** at Sacramento, California.

| K. Jeffers | */s/ K. Jeffers* |
|---|---|
| Declarant | Signature |