ROB BONTA, State Bar No. 202668
Attorney General of California
TYLER V. HEATH, State Bar No. 271478
Supervising Deputy Attorney General
GARRETT L. SEUELL, State Bar No. 323175
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6144
 Fax: (916) 324-5205
 E-mail: Garrett.Seuell@doj.ca.gov
*Attorneys for Defendant J. Ware and
J Avila*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **PAUL THOMAS,**<br><br>Plaintiff,<br><br>v.<br><br>**WARE, et al.,**<br><br>Defendants. | 2:22-cv-00177-EFB<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL**<br><br>Judge: The Honorable Edmund F. Brennan<br>Action Filed: 1/27/2022 |

On August 26, 2022, Defendants timely served their Requests for Production of Documents, and Plaintiff has continually refused to respond to them. As outlined in Defendants' motion to compel discovery responses (ECF No. 31), Defendants have tried to work with Plaintiff to obtain the requested documents on several occasions, based on his numerous representations that he temporarily did not have access to the documents. On September 1, 2022, Plaintiff claimed his legal material was lost during a transfer to a different institution. On October 19, 2022, Plaintiff claimed that the California Health Care Facility "neglect[ed] to provide [him] all of [his] legal documentation pertaining to this case." On November 8, 2022, Plaintiff stated that the requested documents were "not currently in [his] possession," and he would "mail Defendants request on a production continuation once received." Defendants accommodated Plaintiff's

1

Defs.' Reply Supp. Mot. to Compel (2:22-cv-00177-EFB)

requests, however, as shown by Defendants' motion, Plaintiff's ultimate responses were insufficient. On December 19, 2022, Defendants notified Plaintiff that his responses to the document requests were insufficient. On January 9, 2023, Plaintiff stated that he has "responded to Defendants request [and] the prison must be throwing the mail away." Plaintiff's blatant refusal to participate in the discovery process has left Defendants no other choice but to file the instant motion to compel.

In Plaintiff's opposition, he claimed to have attached an Exhibit A, "wherein the Court will find that 99.9% of the documents requested are in the possession of the CDCR files under Plaintiff's name and CDC number." (ECF No. 34.) However, Plaintiff's opposition does not contain any attached exhibits. Moreover, Defendants are entitled to know which documents in Plaintiff's prison files he contends support his claim for damages and injuries. Defendants should not be required to sift through Plaintiff's prison records and guess as to which ones might be responsive to their requests. *See, e.g. Spence v. Kaur*, No. 2:16-CV-1828-TLN-KJN-P, 2019 WL 3842867, at *20 (E.D. Cal. Aug. 15, 2019) (citing *Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003) and holding that "defendant is entitled to discover what inmate appeals plaintiff contends exhausted his administrative remedies as to the instant retaliation claims" and plaintiff's reference to central file records in prison's possession was not sufficient).

In addition, Defendants' requests for production of documents contain requests for documents that would not be in Plaintiff's CDCR file. For example, Defendants' Request for Production of Documents No. 8 and No. 9 request all documents produced and received in any related criminal matter. (ECF No. 31 at p. 13.) Defendants' counsel contacted the Sacramento County Superior Court Criminal Records Department on August 25, 2022, and he was told that Plaintiff does have pending criminal cases. All of Defendants' requests are for information that is relevant to Plaintiff's claims for damages or Defendants' potential defenses, and Plaintiff did not provide any objection that would excuse him from providing responsive documents or state that no such responsive documents exist. *See* Fed. R. Civ. P. 26(c)(1).

/ / /

/ / /

2

Defs.' Reply Supp. Mot. to Compel (2:22-cv-00177-EFB)

| | |
|---|---|
| 1 | Defendants met their burden in moving to compel Plaintiff to respond to Defendants' |
| 2 | requests for production. However, Plaintiff's opposition fails to present any documents or |
| 3 | evidence, through declaration or otherwise, to show that he actually responded properly to |
| 4 | Defendants' requests or that he served responses that support his claim that his mail was lost. |
| 5 | Moreover, Plaintiff does not explain why he did not resend any allegedly lost responses. |
| 6 | Accordingly, the Court should grant Defendants' motion and compel Plaintiff to respond to |
| 7 | Defendants' discovery requests without objection. |

Dated: March 10, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
TYLER V. HEATH
Supervising Deputy Attorney General

  */s/ Garrett L. Seuell*
GARRETT L. SEUELL
Deputy Attorney General
*Attorneys for Defendants Ware and Avila*

SA2022301369
36997269.docx

3

Defs.' Reply Supp. Mot. to Compel (2:22-cv-00177-EFB)

# CERTIFICATE OF SERVICE

Case Name: **Paul Thomas (AZ2563) v. Ware, et al.**
No. **2:22-cv-00177-TLN-EFB (PC)**

I hereby certify that on **March 10, 2023**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On **March 10, 2023**, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Paul Anthony Thomas (AZ-2563)**
**California State Prison - Sacramento**
**P.O. Box 290001**
**Represa, CA  95671**

The following **UNPUBLISHED** cases have been served on Plaintiff:

> *Spence v. Kaur*, 2019 WL 2566970

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **March 10, 2023**, at Sacramento, California.

| K. Jeffers | */s/ K. Jeffers* |
|---|---|
| Declarant | Signature |

SA2022301369
36997372.docx