UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL THOMAS,<br><br>                    Plaintiff,<br><br>       v.<br><br>WARE, et al.,<br><br>                    Defendants. | No. 2:22-cv-00177-TLN-EFB (PC)<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants Ware and Avila have filed a motion to compel further responses to their request for production of documents ("RFPs"), set one (ECF No. 31), which plaintiff opposes (ECF No. 34). For the reasons stated below, defendants' motion is granted.

Before turning to the substance of defendants' motion, the court quotes from its prior screening order, which identifies the claim at issue:

> The complaint (ECF No. 1) alleges that in response to plaintiff's hunger strike, sergeant Ware and correctional officer Avila grabbed plaintiff out of his cell while he was naked, slammed him to the ground, kneed his face, and struck him while he was in restraints on the ground. To state a claim for excessive force, plaintiff must show that the officer applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Liberally construed, plaintiff has stated potentially cognizable Eighth Amendment excessive force claims against defendants Ware and Avila.

ECF No. 6. at 2.

1

Under Rule 26 of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b). Parties are entitled to conduct discovery by serving requests seeking the production of documents. Fed. R. Civ. P. 34. "A party is entitled to individualized, complete responses to each discovery request, and generalized responses that do not specifically indicate whether all responsive documents to a particular discovery request have been produced are insufficient." *Washington v. Rouch*, No. 1:15-cv-00725-DAD-BAM (PC), 2017 U.S. Dist. LEXIS 150287, *7 (E.D. Cal. Sept. 15, 2017).

Defendants' nine RFPs target the following categories of discovery that are relevant to plaintiff's claims and defendants' potential defenses: (1) documents related to the exhaustion of administrative remedies; (2) documents related to plaintiff's interactions with custody staff on July 18, 2021; (3) documents that support plaintiff's claim of injuries; (4) documents that support plaintiff's claim of damages; (5) witness statements that relate to plaintiff's allegations; (6) communications regarding plaintiff's allegations; (7) documents describing the allegations against defendants; (8) documents plaintiff has produced in any related criminal matter; and (9) documents plaintiff has received in discovery in any related criminal matter. *See* ECF No. 31 at 11-13. In his responses to each, plaintiff states that: (1) he is not in possession of "the" or "all" responsive documents (thereby suggesting that responsive documents exist); (2) that he has requested the documents but has not yet received them; and (3) that defendants could request the documents from CDCR.[1] *See id.* at 16-19. In his response to defendants' motion, plaintiff stresses that "99.9% of the documents requested are in the possession of the CDCR files under the plaintiff's name and CDC number . . . ." ECF No. 34 at 1. Plaintiff does not elaborate as to how or why documents responsive to RFP Nos. 5 (witness statements obtained by plaintiff) and 6 (plaintiff's communications with people outside of prison), for example, would be in prison files available to defendants.

/////

---

[1] As for RFP No. 8, plaintiff adds that defendants could request the documents from "Michael W. Bien, Rose, Bien, Galvan, and Grunfield, LLP attorneys." ECF No. 31 at 19.

Plaintiff's responses are inadequate because they imply the existence of responsive documents without producing them.  Plaintiff also makes no showing as to why he is unable to produce the requested documents and never sought court intervention in this regard.  Further, the existence of potentially responsive documents in plaintiff's CDCR medical and/or central files does not relieve plaintiff from producing specific documents in response to defendants' requests. *See Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.NY. 2003) ("A requested party may not refuse to respond to a requesting party's discovery request on the ground that the requested information is in the possession of the requesting party."); *see also Allen v. Woodford*, 2007 U.S. Dist. LEXIS 11026, *4 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.").  Thus, plaintiff must produce documents that can be found in his CDCR files if they are responsive to defendants' requests, even if defendants also have access to those files.  If no responsive documents exist (in plaintiff's prison files or elsewhere), plaintiff shall clearly say so in a supplemental response.

Accordingly, it is ORDERED that:

1. Defendants' motion to compel (ECF No. 31) is GRANTED as to RFP, Set one;
2. Plaintiff shall serve defendants with supplemental responses to RFP, Set One, on or before May 5, 2023;
3. Defendants shall file any motion to compel on or before June 9, 2023; and
4. Defendants shall filed any dispositive motion on or before July 7, 2023.

Dated: March 30, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE