UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL THOMAS, | No. 2:22-cv-00177-TLN-EFB (PC) |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| WARE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants Ware and Avila have filed a motion to compel further responses to their request for production of documents ("RFPs"), set one (ECF No. 39), which plaintiff opposes (ECF No. 45). For the reasons stated below, defendants' motion is granted.

Before turning to the substance of defendants' motion, the court quotes from its prior screening order, which identifies the claim at issue:

> The complaint (ECF No. 1) alleges that in response to plaintiff's hunger strike, sergeant Ware and correctional officer Avila grabbed plaintiff out of his cell while he was naked, slammed him to the ground, kneed his face, and struck him while he was in restraints on the ground. To state a claim for excessive force, plaintiff must show that the officer applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Liberally construed, plaintiff has stated potentially cognizable Eighth Amendment excessive force claims against defendants Ware and Avila.

ECF No. 6. at 2.

1

Under Rule 26 of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b). Parties are entitled to conduct discovery by serving requests seeking the production of documents. Fed. R. Civ. P. 34. "A party is entitled to individualized, complete responses to each discovery request, and generalized responses that do not specifically indicate whether all responsive documents to a particular discovery request have been produced are insufficient." *Washington v. Rouch*, No. 1:15-cv-00725-DAD-BAM (PC), 2017 U.S. Dist. LEXIS 150287, *7 (E.D. Cal. Sept. 15, 2017).

Defendants' motion to compel concerns plaintiff's responses to their Requests for Production No. 8 (seeking documents produced in discovery in any related criminal case) and No. 9 (seeking documents received in discovery in any related criminal case). Plaintiff responded to both requests by stating that he did not currently have responsive documents but had requested them from CDCR and Michael Bien of Rosen Bien Galvan & Grunfeld LLP. ECF No. 39 at 14. Plaintiff indicated that defendants could obtain the documents from those sources. However, when defense counsel contacted Michael Bien, he stated that he had not represented plaintiff in any criminal case.

Plaintiff's responses are inadequate because they imply the existence of responsive documents without producing them. Plaintiff makes no showing as to why he is unable to produce the requested documents and never sought court intervention in this regard. His opposition brief does not respond substantively to the motion to compel. As the court informed plaintiff in its order granting defendants previous motion to compel, the existence of potentially responsive documents in plaintiff's CDCR files does not relieve plaintiff from producing specific documents in response to defendants' requests. *See Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.NY. 2003) ("A requested party may not refuse to respond to a requesting party's discovery request on the ground that the requested information is in the possession of the requesting party."); *see also Allen v. Woodford*, 2007 U.S. Dist. LEXIS 11026, *4 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.").

Thus, plaintiff must produce documents that can be found in his CDCR files if they are responsive to defendants' requests, even if defendants also have access to those files. If plaintiff does not possess or cannot access responsive documents, plaintiff must clearly say so in his supplemental response.

Accordingly, it is ORDERED that:

1. Defendants' motion to compel (ECF No. 39) is GRANTED as to defendants' Requests for Production (Set 1) Nos. 8 and 9.
2. Plaintiff shall serve defendants with supplemental responses to these RFPs within 30 days of the date of this order;
3. Defendants shall file any motion to compel within 60 days of the date of this order; and
4. Defendants shall file any dispositive motion within 90 days of the date of this order.

Dated: December 19, 2023

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE