UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ANTHONY THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>WARE, et al.,<br><br>Defendants. | No. 2:22-cv-00177-TLN- EFB (PC)<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. ECF No. 1. On screening pursuant to 28 U.S.C. § 1915A(a), the court determined that plaintiff's complaint alleged a potentially cognizable Eighth Amendment claim against defendants Sergeant Ware and Correctional Officer Avila for using excessive force in removing plaintiff from his cell. ECF No. 6. Defendants now move to dismiss the complaint under Rules 16(f)(1)(C), 37(b)(2)(A)(v), and 41(b) of the Federal Rules of Civil Procedure for failure to participate in the discovery process and failure to comply with the court's orders compelling plaintiff to respond to discovery requests. ECF No. 52.

I.     Background

Defendants admit extracting plaintiff from his cell on or about July 18, 2021, ECF No. 21 at 2 ¶ 5, but deny that the force used was excessive. *Id*. In the course of discovery defendants filed two motions to compel. ECF Nos. 31, 39. The court granted both motions and the history

1

of those motions is addressed below. ECF Nos. 36, 48.

A. First Discovery Motion and Order

The initial discovery dispute included plaintiff's responses to defendants' requests for production (RFP) Nos. 3, 4, 5, 6, 8 and 9. ECF No. 31 at 4 (the "first motion to compel"). The court held that plaintiff's responses were inadequate "because they imply the existence of responsive documents without producing them." ECF No. 36 at 3 (the "first order to respond"). Also, plaintiff failed to show why he was unable to produce the requested documents, and the possible existence of responsive documents in plaintiff's prison files did not relieve plaintiff of his duty to produce even if defendants also have access to those files. *Id*. Plaintiff was ordered to serve supplemental responses with responsive documents or to clearly state if responsive documents do not exist. *Id*.

Plaintiff "objected" to the first order to respond, stating that he had made, and continued to make, efforts to get into his "C-file" to obtain documents located there, that copies he had had in his possession at an earlier time had been lost before this action was filed, and that as of the date he filed this pleading prison officials were unwilling to provide the documents again. ECF No. 37 at 1-2. Plaintiff attached a copy of a grievance decision dated April 11, 2023,[1] in which he had been informed that on December 16, 2021, plaintiff had been "served with a copy of the District Attorney (DA) referral and Incident Report No. 25226, with all documents pertaining to the incident on July 17, 2021 [sic]." ECF No. 37 at 5. It appears plaintiff had not been given another copy in response to his grievance.

Plaintiff thereafter filed a pleading captioned "supplemental response" attaching documents responding to the RFPs. ECF No. 38. Plaintiff included his declaration that: "I have no other documents pertaining to this discovery request." ECF No. 38 at 1. Plaintiff attached 38 pages from the incident report about the events of July 18, 2021. *Id*. at 2-39.

---

[1] The grievance process was ongoing in parallel while the motions to compel were being briefed. Plaintiff received initial response to his grievance on April 11, 2023, ECF No. 37 at 5, and the final decision on June 21, 2023, ECF No. 43 at 1. Defendants' first motion to compel was filed on January 27, 2023, ECF No. 31, and defendants' second motion to compel was filed on June 5, 2023, ECF No. 39.

B. <u>Second Discovery Motion And Order</u>

When defendants filed their second motion to compel, the outstanding issues had been narrowed to plaintiff's responses to RFP Nos. 8 and 9. ECF No. 39 at 3 (the "second motion to compel"). RFP No. 8 asks plaintiff to produce documents he has produced in any related criminal matter, and RFP No. 9 asks plaintiff to produce documents he has received in discovery in any related criminal matter. ECF No. 31 at 13. Plaintiff's response to RFP No. 8 was that:

> I do not currently have all documents I've produced in related criminal matters I've requested said documentation from (CDCR) California Department of Corrections & Rehabilitation as well as Michael W. Bien Rosen Bien Galvan & Grunfeld LLP attorneys. Defendants can also request documents pertaining to Request No. 8 from (CDCR) California Department of Corrections & Rehabilitation and Michael W. Bien Rose Bien Galvan & Grunfeld LLP attorneys.

ECF No. 39 at 14. Plaintiff's response to RFP No. 9 was that:

> I do not currently have defendants request for production No. 9 I have requested for said documents and am currently awaiting. Once received I will mail it to defendants via production continuation defendants can also request the requested documents from (CDCR) California Department of Corrections & Rehabilitation.

*Id*. Defendants described their remaining dispute about RFP Nos. 8 and 9 as follows:

> [] Plaintiff has completely failed to respond to Request for Production No. 8 (request for documents produced in discovery in any related matter); and Request for Production No. 9 (request for documents received in discovery in any related criminal matter). (*Id*.). Plaintiff stated in his initial responses to Defendants' requests for production of documents that "I do not currently have all documents I've produced in related criminal matters [and] I've requested said documents from [CDCR], as well as Michael W. Bien [at] Rosen Bien Galvan & Grunfeld LLP Attorney." (*Id*. at ¶ 4.) However, CDCR would not have the documents Plaintiff produced or received in his related criminal matters and even if they did, CDCR and Defendants would just be left to guess at the documents included. (*Id*.) In addition, I contacted attorney Michael Bien from Rosen Bien Galvan & Grunfeld, LLP on May 30, 2023. (*Id*.) Mr. Bien stated that neither he nor any other attorney at his law firm represents Plaintiff in any of his criminal matters.[2] (*Id*.)

ECF No. 39 at 3-4 (footnote omitted).

The parties agree that there is a related criminal matter in which plaintiff was charged with battery against a correctional officer because of the incident of July 18, 2021, docketed at *State v.*

---

[2] Although Bien apparently does not represent plaintiff in any criminal matter, plaintiff is a *Coleman* class member, *see* ECF No. 45 at 3 ¶ 3, and Bien's law firm is plaintiffs' counsel in that class action. *See Coleman v. Wilson*, 912 F. Supp. 1282 (E.D. Cal. 1995).

*Thomas*, No. 21FE019075 (the "related criminal case").  *See* https://services.saccourt.ca.gov/PublicCaseAccess/Criminal/CaseDetails?sourceSystemId=8&sourceKey=1718504 (arraignment docketed on April 22, 2022); *see also* ECF No. 45 at 1 (plaintiff's acknowledgment he was charged in the related criminal case).  The court takes judicial notice of the docket in the related criminal case, accessible on the Public Case Access System of the Sacramento Superior Court website.[3]

The related criminal case appears to be the only case that would be relevant to RFP Nos. 8 and 9.  In their second motion to compel, defendants claimed they were unable to determine whether plaintiff is represented in the criminal case, that plaintiff refused to provide information about representation,[4] and that their own inquiries to the Superior Court clerk and "other searches" failed to yield information about plaintiff's legal representation.  *Id*. at 4 n.2.[5]

Plaintiff filed three pleadings that appear to be responsive to defendants' second motion to compel.  First, plaintiff filed a "notice re incident report request." ECF No. 43.[6]  Plaintiff attached a copy of the June 21, 2023 final decision granting his grievance about obtaining documents from CDCR.  *Id*. at 1.  The final decision granted plaintiff an appointment for an

---

[3] *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986) (a court may take judicial notice of court records); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[4] The RFPs that defendants appended to their first motion, there is no request for plaintiff to provide information about representation in the related criminal case.  *See* ECF No. 31 at 9-13.  If defendants made such a request in some other set of discovery requests, they have not brought this forward in their motions.  RFP No. 6 does ask plaintiff to: "Produce all COMMUNICATIONS regarding your allegations against Defendants in the Complaint (ECF No. 1).  This request excludes any communications you have had with your attorney in the related criminal matter." ECF No. 31 at 12.  As of the time defendants filed their second motion to compel, they appear to have been satisfied with plaintiff's response to RFP No. 6, and it is no longer at issue.

[5] Defendants also argued that plaintiff had not specified which documents respond to which RFPs.  ECF No. 39 at 4.  This no longer seems to be an issue.

[6] Plaintiff has filed three notices of change of address since the first motion to compel was filed.  ECF Nos. 43, 44, 50.  Plaintiff's moves appear to have caused some time lags in plaintiff's receipt of pleadings, and some of his own pleadings may be out of the normal briefing sequence.  For this reason, it is unclear whether plaintiff's "notice re incident report request," ECF No. 43, was an attempt to supplement his response to defendants' first motion to compel, or a response to the second motion to compel.  For purposes of resolving this motion to dismiss, the relevant point about ECF No. 43 is that plaintiff provided updated information about his efforts to obtain documents and his mail records showing correspondence with Bien.

4

*Olsen* review within 30 days to access his file and make copies. *Id*. (citing *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974)). Plaintiff also attached copies of his "mail card" showing numerous mailings between him and attorney Bien between July 2019 and February 2023.[7] *Id*. at 3-4.

Plaintiff's second pleading included his statement that he was criminally charged regarding the incident of July 18, 2021 although he had not struck or attempted to strike the officer involved. ECF No. 45 at 1. Plaintiff attached his declaration that appears to have been prepared in connection with proceedings in the *Coleman* lawsuit. *Id*. at 3 ¶ 3 (the "*Coleman* declaration"). In this *Coleman* declaration, plaintiff stated that a few weeks after the alleged July 18, 2021 excessive force incident, he received a letter from the district attorney's office informing him of a referral and potential criminal charges of battery against a police officer. *Id*. at 6 ¶ 17. The declaration, which is dated October 3, 3021, does not describe any further developments in the related criminal case. *Id*. at 6.

Plaintiff's third pleading was captioned as his "response" to the second motion to compel, in which he argued that defendants have equal access to the information about the criminal case.[8] ECF No. 47 at 1. Plaintiff attached "a copy of the only document I have not been able to provide the defendants." *Id*. The attached document is a notice to plaintiff dated November 29, 2021 informing that the Sacramento County district attorney's office is filing charges. *Id*. at 3 (the "notice of intent to charge").[9] The notice of intent to charge is apparently the letter referenced in plaintiff's *Coleman* declaration.

Defendants argued in reply that plaintiff's responses to RFP Nos. 8 and 9 are unresponsive, and that plaintiff "again failed to produce appropriate responses to Defendants' requests for the documents that he produced and received in his related criminal matter." ECF

---

[7] The mail card also shows correspondence between plaintiff and defendants' counsel.

[8] This pleading appears to be plaintiff's actual response to the second motion to compel, rather than an attempt to file a sur-reply.

[9] The notice of intent to charge appears to be the document prison officials provided to plaintiff in response to his grievance.

5

No. 46 at 3.

The court granted defendants' second motion to compel, for similar reasons the court had granted the first motion to compel, because plaintiff had implied the existence of responsive documents without explaining why he was unable to produce them or seeking court intervention. ECF No. 48 at 2 (the "second order to respond"). The court ordered plaintiff to produce responsive documents located in his CDCR files, or clearly say if he does not possess or cannot access responsive documents. *Id*. at 3.

Plaintiff thereafter filed a "response to defendants request for production of documents (Set 1) Nos. 8 and 9." ECF No. 49. Plaintiff again attached another copy of the district attorney's notice of intent to charge. *Id*. at 2.

### C. The Motion to Dismiss

Defendants' motion to dismiss argues that plaintiff's responses to RFP Nos. 8 and 9 remain insufficient because plaintiff failed to produce documents that he received through discovery in his related criminal case; and did not include any statement that he conducted a reasonable search for responsive documents or confirming that there were no other responsive documents. ECF No. 52 at 5. Defendants maintain that plaintiff has willfully failed to engage in discovery in good faith and has refused to comply with the Court's orders to serve sufficient responses to RFP Nos. 8 and 9. *Id*. at 5-6. Defendants argue that plaintiff untruthfully claimed that Bien represented him in the criminal matter. *Id*. at 6. They also assert that the notice of intent to charge from the district attorney's office is not responsive to the request in RFP Nos. 8 and 9, which seek documents received in discovery in the criminal matter.[10] *Id*.

Defendants argue: (1) they have suffered prejudice because of all this; (2) discovery in the related criminal case could be highly relevant to the facts underlying this case or potentially a defense under *Heck v. Humphrey*, 512 U.S. 477 (1994); (3) lesser sanctions are unlikely to be effective; (4) the court has already expended resources in attempting to resolve this discovery

---

[10] Defendants attempted to independently confirm whether plaintiff has legal documents in his possession, through inquiry to the litigation coordinator at plaintiff's prison facility. ECF No. 52 at 11 ¶ 5. The litigation coordinator was unable to provide this information. *Id*.

dispute;[11] and (5) public policy favoring disposition of cases on their merits does not outweigh other factors. *Id*. at 6-8.

Plaintiff responds that the pleadings he previously filed in the briefing on the motions to compel demonstrate he has been responsive. ECF No. 54 at 1. Plaintiff states that he has also produced the notice of intent to charge he received in response to his successful grievance, and that any delays in producing this document were caused by the prison. *Id*. Plaintiff maintains he "got every document pertaining to this case and was sure to mail them to defendants through legal mail" and he again attaches his legal mail records showing his mail to defendants' counsel. *Id*.; *see also* ECF No. 55 at 10-13 (copies of the legal mail records). Plaintiff reiterates that defendants have equal access to the documents requested in RFP Nos. 8 and 9. ECF No. 54 at 2. Plaintiff argues that the related criminal matter is irrelevant to his Eighth Amendment claim against defendants, and that the dispute over this discovery matter has falsely and unduly delayed resolution of this case. *Id*.

Plaintiff concurrently filed a separate pleading answering RFP Nos. 8 and 9 and attaching 53 pages of documents – almost all of which are copies of documents plaintiff previously filed in the course of motions practice. ECF No. 55. Plaintiff includes his May 10, 2023 declaration[12] that: "I have no other documents pertaining to the discovery requests." *Id*. at 3. The 53 pages of documents plaintiff attaches include: (1) the notice of intent to charge from the district attorney, ECF No. 55 at 2; (2) plaintiff's grievance seeking to obtain a copy of the notice of intent to charge, *id*. at 5-7, 15; (3) plaintiff's legal mail records, *id*. at 9-13; (4) the incident report package, *id*. at 16-51; (5) a rules violation report mental health assessment, *id*. at 52-54;[13] and (6) plaintiff's

---

[11] In addition to the motions to compel described herein, defendants have also made several requests to re-set deadlines and the discovery and pretrial schedule, for various reasons including delays caused by plaintiff's prison transfers, and the court has granted those requests. *See* ECF Nos. 17, 20, 24, 29, 41, 53.

[12] Plaintiff first filed this declaration during the briefing on the motions to compel. *See* ECF No. 38 at 1.

[13] The three-page mental health assessment is the only document that was not included in plaintiff's previous submission of the incident report, at ECF No. 38. It is unclear whether the mental health assessment is actually responsive to RFP Nos. 8 and 9, for the reasons described in

7

declaration relating to the *Coleman* class litigation, *id*. at 55-58.

In reply defendants argue that plaintiff still has not produced requested documents or properly responded to RFP Nos. 8 and 9 and characterize that failure as a refusal to produce them. ECF No. 56 at 1, 3. Defendants maintain that the related criminal case, to which these documents pertain, is relevant and that plaintiff has implied the existence of the responsive documents he has failed to produce. Defendants also claim that plaintiff misled the court and defendants by stating he was represented by Bien in the related criminal matter. *Id*. at 2. Finally, defendants argue that plaintiff's failure to participate in discovery prejudiced defendants. *Id*. at 2-3.

D.      <u>Motion To Strike Sur-Reply</u>

Plaintiff filed a pleading captioned "objection towards defendants' motion to dismiss." ECF No. 57. Defendants move to strike this pleading as an unauthorized sur-reply under Local Rule 230(l) and under the court's inherent power. ECF No. 58 at 1. Defendants maintain that their reply raised no new arguments, and so the exceptions contained in Local Rule 230(m) do not apply. *Id*. at 2. However, defendant's motion to strike fails to take account of the new tone taken in defendant's reply brief.

Defendants' reply asserts a qualitatively different argument from that asserted in their moving brief, and it's one that warrants response. Defendants argued in their motion that plaintiff simply failed to serve sufficient discovery responses. ECF No. 52 at 5-6. Their reply urges that the failure was actually obstinate behavior. It states that plaintiff refused to provide responses to RFP Nos. 8 and 9 and deprived defendants of discovery, ECF No. 56 at 1, 3. The allegation of an outright refusal to respond is a substantively different from an alleged insufficient response. Plaintiff addresses precisely this issue in his sur-reply.

Plaintiff disputes that he has "blatantly" refused to respond to RFP Nos. 8 and 9. ECF No. 57 at 1. He states that he has mailed his responses to defendants and to the court and is willing to re-send them. *Id*. He also questions why the dispute continues despite his mailings and speculates whether his legal mail might have been compromised by prison officials and maintains

---

the analysis herein.

that defendants have access to his prison files. *Id*. at 1-2. The court will exercise its discretion to consider plaintiff's sur-reply because it addresses the subtle but significant expansion of the scope of defendants' argument for the ultimate sanction of dismissal.

II.  Discovery Sanctions Under the Rules Of Civil Procedure

Rule 41(b) provides that a court may dismiss a lawsuit for failure to prosecute or to comply with the court's orders. Although a dismissal under this rule may be warranted based on repeated failures to comply with the court's discovery orders, the rule most applicable to these circumstances is Rule 37. *See, e.g., Sanchez v. Rodriguez*, 298 F.R.D. 460, 463 (C.D. Cal. 2014) ("where a party's noncompliance with a discovery order is the asserted basis for dismissal as a sanction, the court must employ the discovery-specific Rule 37 rather than relying on Rule 41(b)" (citations omitted)). Rule 16(f)(1) likewise refers back to dismissals authorized by Rule 37(b)(2)(A), in authorizing sanctions for failure to comply with scheduling or other pretrial orders. Thus, the court applies the standard under Rule 37 as the governing standard on this motion.

Rule 37(b)(2)(A)(v) allows a court to dismiss an action in whole or in part if a party fails to obey an order to provide or to permit discovery. Dismissal under Rule 37 requires the court to weigh:
> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2003). "These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). "Because the first, second, and fourth factors carry relatively static weight with little variance based on the facts of a particular case, 'the key factors are prejudice and the availability of lesser sanctions.'" *Karimi v. Golden Gate School of Law*, 361 F. Supp. 3d 956, 969 (N.D. Cal. 2019) (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993)) (some internal quotation marks omitted).

Dismissal is proper only if the sanctioned conduct is due to willfulness, fault, or bad faith.

*Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (citation omitted); *see also Porter v. Martinez*, 941 F.2d 732, 734 (9th Cir. 1991) (a pro se former prisoner's failure to fully comply with discovery orders did not rise to the level of flagrant bad faith). Also, "[d]ue process concerns further require that there exist a relationship between the sanctioned party's misconduct and the matters in controversy such that the transgression 'threaten[s] to interfere with the rightful decision of the case.'" *Anheuser-Busch*, 69 F.3d at 348 (citation omitted); *see also id*. at 349-355 (a party's misrepresentation to the court that documents had been destroyed in a fire, whereas the evidence showed the party knew the documents had survived in legible form, was a knowing deception that actually prejudiced the opposing party and merited dismissal of her counterclaim because of the "close nexus" between the misconduct that the merits of the case).

In considering whether dismissal is the appropriate sanction, the court should explicitly consider the feasibility of less drastic sanctions and explain why such alternative sanctions would be inappropriate and, if so, implement that less drastic measure. Additionally, the court must issue warnings regarding the possibility of dismissal in the event of future violations. *Id*. at 352; *see also In re (PPA) Products Liability*, 460 F.3d at 1228 (it is an abuse of discretion to impose a dismissal sanction without considering the impact and the adequacy of a lesser sanction). Explicit warnings are not always necessary, and the court may conclude that lesser sanctions are inadequate if a deception or discovery abuse are such that the court anticipates continued deceptive conduct. *Anheuser-Busch*, 69 F.3d at 353.

III.   Analysis

The threshold question here is whether plaintiff has in fact failed to obey an order and, if so, whether his disobedience was willful or in bad faith. The discovery dispute underlying defendants' motion to dismiss appears to turn more on technicalities than willfulness, fault, or bad faith.

The nature of the discovery dispute was considerably narrowed from the first order to respond (RFP Nos. 3-6, 8, and 9) to the second order to respond (only RFP Nos. 8 and 9). Plaintiff maintains that he has provided all the documents he believes may be responsive to RFP

Nos. 8 and 9. Plaintiff is not a sophisticated litigant and certainly not a trained lawyer. He is an incarcerated individual with extremely limited access to resources. It plausibly seems that plaintiff may not have clearly understood what was requested by RFP Nos. 8 and 9: documents produced and received in discovery in the related criminal case – if any.

At the outset, the terminology used in RFP Nos. 8 and 9 is not one that would necessarily inform plaintiff of what specifically is being requested. The term "discovery," as used and understood in the context of civil lawsuits, does not describe the same processes nor have the same meaning in criminal cases. Although § 1054 of the California Penal Code provides a pretrial process for criminal cases that is different than the discovery process in civil cases, the record is far from clear whether the plaintiff had any involvement in or knowledge of what discovery occurred in the criminal case.

According to the docket of the related criminal case, plaintiff was assigned court appointed counsel on July 22, 2022. A series of settlement conferences were continued until a not guilty plea was entered on March 22, 2024. The case has been dismissed, and court appointed counsel was relieved, as of April 15, 2024. These cursory entries are the only information available on the face of the docket. The court appointed counsel is not named on the docket, and defendants were not able to obtain information about plaintiff's representation through their own inquiry to the Superior Court clerk, ECF No. 39 at 4 n.2. It is unclear from the docket whether disclosures were ever made, and plaintiff credibly seems to be unaware of any disclosures. There is no entry on the docket indicating any discovery order was entered. It is conceivable that plaintiff was never provided any disclosures and that no discovery orders were ever entered in the related criminal case – or, to use the terminology of RFP Nos. 8 and 9, it is conceivable that no "discovery" occurred in the related criminal case.

It is unclear whether plaintiff knows or even understands if any pretrial process that could be deemed "discovery" was conducted in the criminal case. He has made increasingly emphatic statements in his pleadings that he believes he has produced all the documents he has about the related criminal case. The record shows that plaintiff undertook to obtain and produce the single document he seems to be aware of pertaining to the related criminal case, which is the notice of

intent to charge. Plaintiff produced the notice of intent to charge after he obtained it and also attached it to several of his pleadings. The notice of intent to charge had been served on plaintiff by prison officials. ECF No. 37 at 5. Although this document is technically not a disclosure, nor produced or received in "discovery" in the related criminal case and is therefore technically unresponsive to RFP Nos. 8 and 9, plaintiff made efforts to obtain and repeatedly produce it in an apparent good faith effort to respond. Similarly, the incident report may not be responsive to ECF Nos. 8 and 9, but plaintiff has produced it multiple times in an apparent good faith effort.

Plaintiff's reference to attorney Bien does not convincingly demonstrate any intent to mislead defendants or the court. Defendants did not ask plaintiff to identify his legal counsel; rather, plaintiff volunteered Bien's name. In a broader sense, Bien does represent plaintiff, just not in the related criminal case. Bien represents all class member, including plaintiff, in the *Coleman* class action litigation. Plaintiff has obviously communicated with Bien about the July 18, 2021 incident which is the underlying basis of the related criminal case as well as this lawsuit, at least for purposes of preparing plaintiff's *Coleman* declaration. Plaintiff may not fully grasp the exact contours of the scope of Bien's representation, but a misunderstanding of this sort on the part of a pro se plaintiff does not show bad faith or a willful attempt to mislead. The fact that defendants' inquiry to Bien did not result in production of documents responsive to RFP Nos. 8 and 9, does not provide a basis for any finding that plaintiff willfully misled defendants or the court. Plaintiff has also been forthcoming in twice providing his "mail card" showing the prison's comprehensive record of plaintiff's correspondence that includes mailings to and from Bien, defendants' counsel, other attorneys, and the court. ECF No. 43 at 3-4, ECF No. 55 at 9-13. If they are so inclined, defendants may make inquiries to other attorneys who appear to have corresponded with plaintiff, just as they made inquiries to Bien and the prison's litigation coordinator. ECF No. 39 at 3-4; ECF No. 52 at 11 ¶ 5.

To the extent plaintiff may have implied the possible existence of responsive documents in his responses to the motions to compel, it now appears that plaintiff may merely have had in mind the notice of intent to charge and/or the incident report, both of which he has now produced more than once. A simple miscommunication of this sort appears to be at the core of this

discovery dispute. Plaintiff has declared he has no other responsive documents.

In short, defendants have not shown plaintiff has engaged in bad faith or willful misconduct that would warrant a sanction of dismissal. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d at 348.

Assuming for purposes of the motion that plaintiff's responses to RFP Nos. 8 and 9 are not fully and timely compliant with the court's orders, defendants also have not shown they have been prejudiced sufficiently to justify a termination sanction. Defendants' arguments regarding *Heck* considerations have been mooted by the dismissal of the related criminal case.[14] That case has been dismissed and therefore will not result in any conviction or sentence whose validity would be called into question by a judgment favorable to plaintiff in this case. Also, termination would not satisfy due process requirements, because there is no real relationship or close nexus between plaintiff's failure or inability to respond sooner or more fully to RFP Nos. 8 and 9, and the merits of his Eighth Amendment claim in this case, that threatens to interfere with the rightful decision of the Eighth Amendment claim.

For the foregoing reasons, the court finds that the above-referenced factors all weigh against dismissal. Plaintiff has not manifested willfulness, fault, or bad faith in failing to respond to court orders or in his responses to RFP Nos. 8 and 9. Any potential *Heck* considerations have been mooted by the dismissal of the related criminal case and any prejudice to defendants is minimal.

IV.     Order And Recommendations

Accordingly, for all the reasons stated above, IT IS HEREBY ORDERED that defendant's motion to strike sur-reply, ECF No. 58, is DENIED.

Further, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss, ECF No. 52, be DENIED.

These findings and recommendations are submitted to the United States District Judge

---

[14] *Heck* holds that if a state prisoner's § 1983 complaint for damages must be dismissed if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence. 512 U.S. at 486-487.

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 15, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE